IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **CITIZENS INSURANCE COMPANY OF THE MIDWEST** as subrogee of **LINDSEY CORRIE AND SHAWN BRAMLETT** | : : : : : | **DOCKET NO.:** **COMPLAINT** |
| **Plaintiff.** | : : | |
| v. | : : | |
| **VIGO INDUSTRIES LLC** | : : : | |
| **Defendant.** | : | |

## COMPLAINT

Plaintiff, Citizens Insurance Company of the Midwest, as subrogee of Lindsey Corrie and Shawn Bramlett, by and through its undersigned attorneys, White and Williams LLP, files this Complaint against Defendant, Vigo Industries LLC, and avers as follows:

### THE PARTIES

1. Plaintiff, Citizens Insurance Company of the Midwest (hereinafter "Citizens") is a New Hampshire company with a principal place of business located at 440 Lincoln Street, Worcester, Massachusetts, and was authorized to issue policies of insurance in the State of Indiana.

2. Lindsey Corrie and Shawn Bramlett ("the Corries") are adult individuals who, at all times relevant hereto, owned and occupied the property located at 12914 Covered Bridge, Sellersburg, Indiana 47172 (the "Subject Property").

3. At all times relevant hereto, Citizens provided insurance to the Corries for the Subject Property under Policy Number H6W D027575 (the "Policy").

4. Defendant, Vigo Industries LLC ("Vigo") is a New Jersey corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 220 Mill Road, Edison, New Jersey 08817.

5. At all times relevant hereto, Vigo was engaged in, and held itself competent in, the design, manufacture, production, assembly, distribution and/or sale of faucet assemblies, including the Corrie's Vigo-brand faucet assembly that is the subject of this complaint (the "Subject Faucet").

## VENUE AND JURISDICTION

6. The jurisdiction of this Court is invoked under 28 U.S.C. §1332, as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interests and costs.

7. Venue is properly made in this District pursuant to 28 U.S.C. §1391, as the property damage that is the subject of this action occurred in Sellersburg, Indiana.

## STATEMENT OF FACTS

8. Citizens incorporates the foregoing paragraphs by reference as though fully set forth herein.

9. Prior to May 22, 2020, the Subject Faucet was installed in the Corrie's kitchen at the Subject Property.

10. On May 22, 2020, the Corries discovered substantial water flowing from the Subject Faucet.

11. The Subject Faucet failed when its crimped (or "barbed") connection of the sprayer hose separated, thus allowing water to flow unabated.

12. The fixed portion of the coil reinforcement did not rise high enough to protect the crimped connection from bending forces.

13. The foreseeable and intended bending forces associated with the use of the faucet's sprayer hose therefore concentrated at the manufacturer assembled crimped connection thereby causing it to separate.

14. Other manufacturers use different designs that do not use a crimped or barb connection at a location where bending forces cause a stress concentration.

15. The Subject Faucet suffers from design defects with respect to placing the crimp connection where bending forces would cause stress concentration on the connection and failing to protect the crimp connection from said forces through sufficient coil reinforcement.

16. The Subject Faucet failed during its normal, ordinary, intended, expected and reasonably foreseeable use.

17. As a direct and proximate result of the Subject Faucet's failure, the Corries suffered substantial damage to their real and personal property.

18. The Corries submitted a claim to Citizens for damages under the aforementioned policy of insurance.

19. Citizens, as the insurer of the Subject Property, reimbursed the Corries for their property loss in the amount of $220,066.30 under its policy of insurance.

20. By reason of such payments, the terms of the Policy and by operation of law, Citizens is now subrogated to the rights and remedies of the Corries to the extent of such payments.

## COUNT I: STRICT PRODUCT LIABILITY

21. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

22. Vigo designed, manufactured, assembled, tested, marketed, inspected, distributed, supplied and/or sold the Subject Faucet in an unreasonably dangerous and defective condition such that it was not reasonably fit, suitable or safe for its normal, ordinary, intended, expected or reasonably foreseeable use.

23. At the time that the Subject Faucet was sold and/or installed at the Subject Property, it was in the same unreasonably dangerous and defective condition in which it left Vigo's custody and/or control.

24. At all times relevant hereto, the Corries used and operated the Subject Faucet in a manner that was ordinary, normal, intended, expected and reasonably foreseeable by Vigo.

25. The unreasonably dangerous and defective condition of the Subject Faucet was a direct and proximate cause of the water loss and resulting property damage suffered by the Corries, for which Vigo, acting by and through its employees, agents, contractors, servants, representatives and/or other designees, each of whom was working within the course and scope of their employment and/or authority for which Vigo is strictly liable by reason of, *inter alia*:

    a) Failing to place the crimp connection below the point where bending loads are imparted onto the hose;

    b) Failing to raise the fixed portion of the coil spring high enough to protect the crimp connection from bending during the use of the sprayer;

    c) Placing the crimp connection where foreseeable bending forces during normal and intended use would result in stress concentration on the crimp connection;

    d) Deviating from alternative designs that do not put stress concentration on the sprayer hose;

    e) Designing, manufacturing, distributing, and/or selling the Subject Faucet when Vigo knew, or should have known, that the Subject Faucet was unsafe and unfit for its intended use;

26. Vigo is strictly liable for all damage caused by the defective Subject Faucet pursuant to Indiana's Product Liability Act, Indiana Code 34-20-1-1 through 34-20-9-1, *et seq*.

27. Pursuant to the terms of the Policy, and in consideration of the damages suffered as a result of the above-described water loss, Citizens paid to or on behalf of the Corries the sum of $220,066.30.

28. By virtue of the aforesaid payments, pursuant to the aforesaid insurance policy, and by operation of law, Citizens is now subrogated to the rights of its insured, with respect to the damages arising out of the May 22, 2020 water loss.

**WHEREFORE**, Plaintiff, Citizens Insurance Company of the Midwest, as subrogee of Lindsey Corrie and Shawn Bramlett, hereby demands judgment in its favor and against Vigo Industries LLC in the amount of $220,066.30 along with interests, attorneys' fees, costs and other such relief as this Court may deem just and appropriate.

## COUNT II: NEGLIGENCE

29. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

30. Vigo designed, manufactured, assembled, tested, distributed, and/or sold the Subject Faucet that was installed at the Subject Property.

31. Vigo owned a duty of care to the Corries to design, engineer, manufacture, assemble, test, inspect, distribute, sell and/or otherwise place into the stream of commerce the Subject Faucet in a condition that was safe for its ordinary, normal, and reasonably foreseeable use.

32. Vigo, by and through its agents, servants, employees and/or other designees, breached it duty by:

a) Failing to place the crimp connection below the point where bending loads are imparted onto the hose;

b) Failing to raise the fixed portion of the coil spring high enough to protect the crimp connection from bending during the use of the sprayer;

c) Placing the crimp connection where foreseeable bending forces during normal and intended use would result in stress concentration on the crimp connection;

d) Deviating from alternative designs that do not put stress concentration on the sprayer hose;

e) Failing to protect the sprayer's crimped connection from the stress loads imparted by use;

f) Deviating from alternative designs that do not put stress concentration on the sprayer hose;

g) Failing to design, manufacture, and sell a faucet with hose connections that could withstand the stresses of their ordinary, foreseeable and intended use;

h) Failing to properly inspect, examine, and/or test the design of the Subject Faucet;

i) Failing to design, engineer, manufacture, assemble, test, inspect, distribute, sell and/or otherwise place into the stream of commerce the Subject Faucet so that it was safe for its ordinary, intended, normal, and reasonably foreseeable uses;

j) Designing, engineering, manufacturing, assembling, distributing, selling, and/or otherwise placing into the stream of commerce a defective water faucet, that Vigo know, or reasonably should have known, or with reasonable diligence would have known, was unreasonably dangerous and defective;

k) Designing, engineering, manufacturing, assembling, distributing, selling and/or otherwise placing into the stream of commerce a water faucet that does not conform with prevailing industry specifications and standards;

33. As a direct and proximate result of the failure of the Subject Faucet, the insured suffered substantial damage to their real property.

34. Plaintiff is legally subrogated the rights and remedies of its insured to the extent of the claim payments made.

**WHEREFORE**, Plaintiff, Citizens Insurance Company of the Midwest, as subrogee of Lindsey Corrie and Shawn Bramlett, hereby demands judgment in its favor and against Vigo Industries LLC in the amount of $220,066.30 along with interests, attorneys' fees, costs and other such relief as this Court may deem just and appropriate.

## COUNT III: BREACH OF WARRANTY

35. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

36. Vigo expressly and/or impliedly warranted that the Subject Faucet was fit for use in the ordinary, normal, intended, expected and reasonably foreseeable manner.

37. Vigo knew or should have known that consumers, including Corries, were relying on Vigo's superior knowledge skill and expertise in the design, manufacture and distribution of residential plumbing devices, including the Subject Faucet.

38. On or about May 22, 2020, while the Subject Faucet was being used in its ordinary, normal, intended, expected and reasonably foreseeable manner, a substantial water loss occurred as a result of the defective design of the Subject Faucet.

39. As a direct and proximate result of Vigo's breach of its express and/or implied warranties, the Corries suffered substantial damage to their real and personal property.

40. Pursuant to the terms of the Policy, and in consideration for the damages suffered as a result of the above-described water loss, Citizens paid to, or on behalf of the Corries, the sum of $220,066.30.

41. By reason of such payments, the terms of the Policy and by operation of law, Citizens is now subrogated to the rights and remedies that its insured may have against any third-parties responsible for causing the loss, to the extent of such payments.

26318660v.1

**WHEREFORE**, Plaintiff, Citizens Insurance Company of the Midwest, as subrogee of Lindsey Corrie and Shawn Bramlett, hereby demands judgment in its favor and against Vigo Industries LLC in the amount of $220,066.30 along with interests, attorneys' fees, costs and other such relief as this Court may deem just and appropriate.

Respectfully submitted,

/s/ Jeffrey O. Meunier
Jeffrey O. Meunier,  Attorney No. 10298-29
320 S. Rangeline Rd.
Carmel, IN  46032
(317) 575-0320
(317) 575-9570 fax
jom@mandmlawyers.com

## JURY DEMAND

Citizens respectfully requests trial by jury as to all issues presented in this matter.

Respectfully submitted,

/s/ Jeffrey O. Meunier
Jeffrey O. Meunier,  Attorney No. 10298-29
320 S. Rangeline Rd.
Carmel, IN  46032
(317) 575-0320
(317) 575-9570 fax
jom@mandmlawyers.com

26318660v.1