UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CITIZENS INSURANCE COMPANY OF THE MIDWEST as subrogee of Lindsey Corrie and Shawn Bramlett, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:20-cv-03264-JPH-TAB |
| VIGO INDUSTRIES LLC, | ) ) | |
| Defendant. | ) | |

## ORDER ON JURISDICTION

Plaintiff, Citizens Insurance Company of the Midwest, has filed a complaint alleging that this Court has diversity jurisdiction over this matter. Dkt. 1. For the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interests and costs, and the litigation must be between citizens of different states. 28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, "the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). For LLCs, parties must "work back through the ownership structure until [reaching] either individual human beings or a formal corporation with a state of incorporation and a state of principal place of business." *Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017); *Thomas*, 487 F.3d at 534.

In contrast, a corporation is deemed a citizen of any state in which it is incorporated and of the state in which it has its principal place of business. 28

1

U.S.C. § 1332(c)(1); see *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006).

Here, the complaint identifies Defendant Vigo Industries, LLC as a "New Jersey corporation," s*ee* dkt. 1, and Vigo Industries admits the jurisdictional allegations contained in the complaint.  The complaint also states that Citizens is a "New Hampshire company with a principal place of business [in] Massachusetts," dkt. 1, but the Corporate Disclosure Statement filed by Citizens identifies it as an Indiana corporation, dkt. 3.

Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has the responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).  The Court's obligation includes knowing the details of the underlying jurisdictional allegations.  *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction sua sponte").

Therefore, the Court **ORDERS** the parties to file a joint jurisdictional statement by **April 1, 2021**, addressing the issues identified in this Order and analyzing subject-matter jurisdiction accordingly.

**SO ORDERED.**

Date: 3/3/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

2

Distribution:

Kimbley A. Kearney
CLAUSEN MILLER PC
kkearney@clausen.com

Jeffrey O. Meunier
jom@mandmlawyers.com